# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VERNON ALLEN COLLINS, # 529-762 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. CCB-17-954 |
| | | (Rel. Crim. Case No. CCB-87-338) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Pending is Vernon Collins's Petition for Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651, seeking vacatur of ten years of the twenty-year sentence imposed after his conviction as a felon in possession of a firearm. (Pet. for Writ of Error Coram Nobis at 11, ECF No. 1).[1,2] The government filed a response in opposition. (ECF No. 5). Collins filed a reply, and thereafter filed a "supplement" to the petition and to the reply. (ECF No. 7).[3] No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the following reasons, the petition will be denied.

## I. BACKGROUND

On October 9, 1987, Collins was found guilty by a jury of one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846; one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(b)(1); and one count

---

[1] Unless otherwise noted, citations to ECF refer to Case No. CCB-17-954.
[2] Collins filed similar copies of the Petition and exhibits on April 6, 2017, and April 21, 2017. (ECF Nos. 1, 3).
[3] Collins filed supplements on March 21, 2019, and March 29, 2019. (ECF Nos. 7, 8). Collins, however, did not seek leave to amend the petition. *See* Fed. R. Civ. P. 15(a)(2). Nor did Collins seek leave to file a surreply. *See* Local Rule 105.2 (D. Md. 2018). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). Surreplies are generally not permitted where they merely identify inaccuracies in the opposing party's reply brief. *See id.* at 606 (denying the plaintiff a surreply where the plaintiff wished to correct "[d]efendant's misrepresentations" of the record and the law). Recognizing that Collins is a self-represented litigant and his most recent supplements essentially repeat already presented arguments, the court will address relevant portions of the later filings.

1

of employing a minor to possess with intent to distribute heroin, in violation of 21 U.S.C. § 845(a)(1) (now codified at 21 U.S.C. § 861) (Counts One, Two, and Three). *See United States v. Taylor*, 857 F.2d 210, 212 (4th Cir. 1988) (affirming, on direct appeal, the convictions of Collins and his codefendant). Collins was also found guilty of two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Four and Five). *Id.* Collins was subject to enhanced punishment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He faced a mandatory minimum sentence of fifteen years' imprisonment on Counts Four and Five, based on three prior qualifying convictions: a July 26, 1966, robbery conviction; an October 19, 1972, assault with intent to murder conviction; and a May 2, 1973, assault conviction. (Superseding Notice of Enhanced Penalties, Case No. CCB-87-338, ECF No. 116-1).

On November 24, 1987, the court sentenced Collins to fifteen years on Counts One, Two, and Three, and twenty years without parole on Counts Four and Five, for a total sentence of thirty-five years. The United States Court of Appeals for the Fourth Circuit affirmed the judgment of conviction on September 13, 1988. *Taylor*, 857 F.2d at 215.

On January 4, 2016, Collins filed a "Motion to Correct an Illegal Sentence Pursuant to Former Rule 35(a) of the Federal Rules of Criminal Procedure," which the court construed as a Motion to Vacate under 28 U.S.C. § 2255. (Case No. CCB-87-338, ECF Nos. 116, 117). Collins argued that, pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), the sentence on his § 922(g) conviction[4] was improperly enhanced under the ACCA's residual clause. (Motion to Correct at 1–2, Case No. CCB-87-338, ECF No. 116). In its response,

---

[4] Collins previously appealed his sentence, arguing, in part, that his sentences on Counts Four and Five—both § 922(g) convictions—were unlawful. *United States v. Collins*, 95 F. App'x 505, 506 (4th Cir. 2004). In 2004, the Fourth Circuit found that Counts Four and Five were duplicative and remanded the case to the district court with instructions to vacate one of the counts and resentence Collins. *Id.* at 507.

2

the government stated that Collins's presentence report (PSR) showed, in addition to the three convictions originally used to classify Collins as an Armed Career Criminal, three other qualifying offenses. (Gov. Resp. at 3, Case No. CCB-87-338, ECF No. 121). On this basis, the government argued that the *Johnson* ruling did not change Collins's status as an Armed Career Criminal. (*Id.*).

On July 7, 2016, the court denied Collins's § 2255 motion because he had completed his federal sentence, noting that in 2005, he was released to a detainer to begin serving a New Jersey State sentence. (Case No. CCB-87-338, ECF No. 127).[5] Collins's appeal of this decision was denied on January 5, 2017. *United States v. Collins*, 672 F. App'x 302, 303 (4th Cir. 2017). On October 2, 2017, the Supreme Court denied his Petition for Writ of Certiorari. *Collins v. United States*, 138 S. Ct. 63, 2017 WL 1134351, at *1 (2017).

On April 6, 2017, Collins filed this Petition for Writ of Error Coram Nobis to challenge his "illegal enhanced sentence that continues to subject him to remain on federal parole until 2022 and causes or prevents his New Jersey State enhanced sentence of life imprisonment with twenty-five years parole ineligibility to commence from 2001." (Pet. at 4, ECF No. 1).

## II. DISCUSSION

The writ of error coram nobis is an extraordinary remedy that may be used to correct a fundamental error in a criminal conviction "presenting circumstances compelling its use to achieve justice." *United States v. Denedo*, 556 U.S. 904, 911 (2009) (internal quotation marks omitted); *see also United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012). Relief is limited to petitioners who are no longer in custody pursuant to their convictions and for whom relief is no longer available by way of an alternative remedy, such as habeas corpus. *See Denedo*, 556 U.S. at 911; *Akinsade*, 686 F.3d at 252. Coram nobis is available only to remedy "factual errors material

---

[5] Collins is presently incarcerated at the New Jersey State Prison in Trenton, New Jersey.

3

to the validity and regularity of the legal proceeding itself[.]" *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *United States v. Mayer*, 235 U.S. 55, 67–68 (1914)) (internal quotation marks omitted). Although federal courts may grant relief from a conviction by issuing a writ of coram nobis after a petitioner has completed his sentence, *see* 28 U.S.C. § 1651 (2006); *United States v. Morgan*, 346 U.S. 502, 512–13 (1954), the Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Carlisle*, 517 U.S. at 429 (internal quotation omitted).

To be entitled to coram nobis relief, a petitioner must demonstrate that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Bazuaye*, 399 Fed. App'x 822, 824 (4th Cir. 2010) (citing *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987));[6] *see also Withanachchi v. United States*, 803 F. Supp. 2d 360, 364 (D. Md. 2011). When reviewing a petition for a writ of coram nobis, the court presumes that the underlying proceedings were correct, and the burden of showing otherwise rests on the petitioner. *See Morgan*, 346 U.S. at 512.

Collins has met the first requirement for coram nobis relief, as he is no longer in federal custody and cannot seek relief under the typical remedies for a direct appeal or collateral challenge to his federal sentence. However, Collins cannot meet the second requirement. He baldly asserts that he has met his burden to overcome the presumption that his conviction was correct,[7] but provides no reason for not challenging the sentence earlier. (Pet. at 9–10, ECF No. 1).

---

[6] Unpublished cases are cited not for their precedential value but for the persuasiveness of their reasoning.
[7] Collins argues that the Supreme Court's decision in *Johnson* relieves him of his burden to show that the underlying proceedings were incorrect. (Pet. at 10, ECF No. 1). He is mistaken.

4

To meet the third requirement for coram nobis relief, Collins must demonstrate that "adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III." *Bazuaye*, 399 Fed. App'x at 824. Specifically, Collins must show that "his claim is ripe and he is currently suffering a concrete injury as a result of his ACCA sentence." *Withanachchi*, 803 F. Supp. 2d at 368. Collins argues that, but for his enhanced federal sentence, he would have been released with good conduct time upon mandatory release from federal custody in 2001. (Pet. at 10, ECF No. 1). Collins provides no evidence to substantiate this allegation.

Collins's claim of "adverse consequences" is premised on a Certificate of Parole, dated November 8, 2000, which states that he was to be paroled on July 10, 1993, and was to "remain within the limits of to and including July 10, 2022." (Certificate of Parole, ECF No. 1-4). The government disputes Collins's interpretation of his federal parole, (Gov. Resp. at 3 n.4, ECF No. 5), and has provided a copy of the United States Parole Commission ("USPC") Certificate of Mandatory Release, dated May 24, 2005, (Gov. Resp. Ex. 1, ECF No. 5-1). The Certificate of Mandatory Release states that upon release on June 20, 2005, Collins was to remain under USPC jurisdiction "as if on parole" until January 10, 2013. (*Id.*).[8] Collins counters that the later-issued document, the Certificate of Mandatory Release, is not an official document of the USPC. (Pet'r Reply at 3 n.3, ECF No. 6). He acknowledges, however, that it was signed by Warden Troy Williamson, of USP Allenwood, Pennsylvania.[9] (*Id*).

Collins also filed a letter dated October 19, 2017, from John Cooney, a classification officer for the New Jersey Department of Corrections, addressed to the Honorable David J. Schroth, the

---

[8] Neither the Certificate of Parole nor the Certificate of Mandatory Release specifically references Criminal Action No. CCB-87-338, or references the sentence imposed.
[9] Collins was incarcerated at USP Allenwood on the date the Certificate of Mandatory Release was issued. (Certificate of Mandatory Release, Gov. Resp. Ex. 1, ECF No. 5-1).

5

judge who sentenced Collins on September 14, 1992, to a New Jersey state sentence of life imprisonment with twenty-five years of parole ineligibility. (Pet'r Suppl. Ex. 5, ECF No. 7-5). The letter requests clarification of the jail credit awarded to Collins at sentencing from "6/30/1988–9/31/1992" when he "was in service of a Federal term during this period." (*Id.*). The letter continues:

> Being as he was serving a Federal prison sentence during this time period, it is the belief of the [New Jersey Department of Corrections] that he may not be eligible to receive this period of time as jail credit. Please note, [Collins] remained in Federal custody until being made available to New Jersey on June 20, 2005 at which point he began service on Indictment 86-08-00769-I.

(*Id.*).

The calculation of Collins's state sentence appears to have been subsequently amended to remove jail time credits for "6/3/88 to 9/13/92." (New Jersey State Prison Fact Sheet Reports at 2, Pet'r Suppl. Ex. 6, ECF No. 7-6).

Importantly, none of the exhibits Collins has filed explains or corroborates his contention that the enhanced federal sentence prevented or delayed his eligibility for state parole. The information Collins provides suggests instead that his concerns involve the calculation and prior custody credits applied to his New Jersey sentence, which is a matter for New Jersey authorities. Collins's concerns about the calculation of his New Jersey state sentence do not support a claim for federal coram nobis relief, nor are they properly presented here.

Further, Collins does not demonstrate how the relief he requests will redress his purported injury. Specifically, he fails to explain how a reduction in a federal sentence he completed long ago will affect a separate and unrelated New Jersey state sentence. Even assuming that Collins's state parole eligibility date was delayed by his federal sentence, he fails to show how a reduction of an already-served sentence will render him eligible for state parole sooner, or otherwise help

him meet state parole requirements. Success in federal court, even if it were warranted here, has no guaranteed effect on his New Jersey sentence. Federal courts cannot "alter the judgment of the state trial courts by way of coram nobis." *Fullard v. Maryland*, No. CIV.A. CCB-11-3573, 2011 WL 6941493, at *1 (D. Md. Dec. 28, 2011) (citing cases). Consequently, Collins fails to show adverse consequences from his conviction sufficient to satisfy the case or controversy requirement of Article III, the third requisite for coram nobis relief.

Lastly, Collins fails to meet his burden to show how a purported parole eligibility delay on the basis of his enhanced, completed sentence amounts to an error "of the most fundamental character." *Akinsade*, 686 F. 3d at 252 (quoting *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988)). Collins does not demonstrate that *Johnson* changed his status as an Armed Career Criminal subject to enhanced sentencing. Nor does he address the other prior offenses supporting enhanced sentencing. Collins thus cannot satisfy the fourth requirement for coram nobis relief.

### III. CONCLUSION

Collins does not meet his burden to show he is entitled to the extraordinary relief provided in a writ of coram nobis. Accordingly, his petition will be denied. A separate Order follows.

_11/1/19_
Date

_CCB_
Catherine C. Blake
United States District Judge

7